UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV203-EHJ

TROY E. NICHOLS                                                                                      PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                 DEFENDANT

## MEMORANDUM OPINION

      This matter is before the Court on plaintiff Troy Nichols' objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the decision of the Commissioner should be vacated, and the matter should be remanded for further proceedings.

      Mr. Nichols filed the present application for SSI benefits on June 7, 2001 alleging the he became disabled on September 29, 1999 as a result of displaced and bulging discs in his back, two broken jaws, a hand injury, and nerve problems (Tr. 87). The application was denied at the initial stage, and upon reconsideration. After a hearing on October 10, 2002, Administrative Law Judge Gary Flenner ("ALJ") found that Mr. Nichols' conditions of mild to moderate degenerative disc disease, mild to moderate adjustment disorder, borderline intellectual functioning and learning disabilities in reading and spelling are severe impairments, but do not meet or medically equal listed impairments. The ALJ further found that Mr. Nichols retains the residual functional capacity to perform a significant range of light work. The adverse decision was appealed to the Appeals Council, which found no basis for reviewing the ALJ's decision. Appeal to this Court followed, and the matter was referred to a United States Magistrate for proposed findings and recommendation.

Upon reviewing the magistrate's findings and recommendation that the ALJ's decision be upheld, the plaintiff timely filed written objections, which include:

1) the ALJ's improperly applied the treating physician rule, and

2) the magistrate's harmless error analysis is flawed because it is based upon a legally insufficient, unsigned and undated Residual Functional Capacity Assessment attributed to state agency physician Dr. Pajo.

This Court agrees with much of the magistrate's analysis, particularly that it was error for the ALJ to rely upon Dr. Maxwell's eight word restriction of "Light duty. No lifting greater than 25 pounds" as a controlling medical opinion in determining the plaintiff's residual functional capacity. After making that determination, the Court must look to the remaining evidence of record to determine whether it supported the Commissioner's decision. The magistrate found that by "cobbling together" findings from Dr. Pajo and Dr. Saint-Jacques, the RFC findings of the ALJ were otherwise supported in the record, and therefore the ALJ's error was harmless.

In contesting this harmless error analysis, plaintiff has raised several issues with regard to the record that are of concern to this Court. The stand/walk and sit findings upon which the magistrate's harmless error analysis is based are from an unsigned, undated and typewritten Residual Functional Capacity Evaluation found in the record at pages 266 to 273. The magistrate has attributed these findings to Dr. Pajo. There are several other inconsistencies in Dr. Pajo's records that, coupled with the unsigned RFCA mentioned above, make this Court hesitate to reach a harmless error conclusion. Specifically, there is included in the record a Residual Functional Capacity Assessment signed by Dr. Pajo on November 27, 2001 for John P. Connors, an unknown individual who is not a party to this action (Tr. 377-385). Additionally, on a Consultation Request

form (Tr. 385), Dr. Pajo references a projected RFC and previous determination of 8/29/2001. The Court has searched the record and finds no such documents.

Considering the irregularities in the medical records from Dr. Pajo, this Court simply cannot rely upon such fatally flawed and incomplete records as substantial evidence to support the ALJ's residual functional capacity findings. Accordingly, the case is remanded to the Commissioner for further development and issuance of a decision that is not based upon either Dr. Maxwell's eight-word opinion, or Dr. Pajo's flawed and incomplete records.